*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN THOMAS McCOLLUM,

        Defendant-Appellant.

UNPUBLISHED
May 23, 2019

No. 337735
Oakland Circuit Court
LC No. 2016-259142-FC

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

SHAPIRO, J. (*dissenting*).

The majority concludes that defense counsel's failure to object to multiple hearsay repetitions of the complainant's testimony constitutes ineffective assistance of counsel. I agree. However, I cannot agree with the majority's conclusion that "there is no 'reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.' " Majority opinion, p 8, quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

The jury heard five different witnesses recount complainant's statements to them regarding the alleged abuse: complainant's mother, complainant's friend, two school counselors and the school principal. The testimony of each was hearsay and there were no applicable exceptions.[1] Moreover, defense counsel stipulated to admission of the video recording of the forensic interview in which complainant recounted the alleged events in detail in response to questioning. Thus, rather than hearing the complainant's description of the events once—and subject to cross examination—the jury heard it repeatedly and from sources that provide an imprimatur of accuracy. We considered a similar circumstance in *People v Shaw*, 315 Mich App 668, 892 NW2d 15 (2016), and held that counsel's error required a new trial even though in that case there was supporting physical evidence, evidence which is lacking here. We reasoned:

---

[1] Because complainant was not under ten years old when she made her initial statement accusing defendant of molesting her, the tender years exception set forth in MRE 803A is inapplicable.

Given the time that had passed since the alleged abuse stopped, the lack of any witnesses to the charged crimes, and the lack of any significant circumstantial proofs, this case turned largely on the complainant's credibility. Because defense counsel did not object to the hearsay statements, the jury heard the complainant's version of events more than five times. And in the case of [the examining physician and the reporting officer], the hearsay was offered with what amounted to an official stamp of approval. . . .

* * *

Given the frequency, extent, and force of the hearsay testimony, we conclude that, had defense counsel objected to its admission, there is a reasonable probability that the outcome of this case would have been different. [*Id*. at 677-678.]

This case is also comparable to *People v Douglas*, 496 Mich 557; 852 NW2d 587 (2014), where the Supreme Court reversed the defendant's conviction in a child sex abuse case on the grounds of evidentiary error and ineffective assistance of counsel. As here, the challenged evidence was the forensic interview of the complainant which was played for the jury and the testimony of several individuals recounting statements made to them by the complainant. *Douglas* quoted the following from *People v Gursky*, 486 Mich 596, 620-621; 786 NW2d 579 (2010), on which the majority relies:

In a trial where the evidence essentially presents a one-on-one credibility contest between the victim and the defendant, hearsay evidence may tip the scales against the defendant, which means that the error is more harmful. This may be even more likely when the hearsay statement was made by a young child, as opposed to an older child or adult.

Despite that applicable guidance, the majority concludes that because the complainant testified, the prejudicial effect is diminished since the other witnesses are only corroborating her testimony. However, the unanimous *Douglas* Court was less impressed with that argument. It noted that "such cumulative hearsay testimony is more likely to be harmless where, unlike here, there is other evidence to corroborate the allegations beyond the declarant's statements; meanwhile, the likelihood of harm may only increase where, as here, the declarant was a young child and the case was a pure credibility contest." *Id*. at 581. *Douglas* went on to note the particular prejudicial impact of the complainant's forensic interview that was played for the jury: "The video recording of the forensic interview provided further reinforcement still, as the jury was able to watch [the complainant] herself testify again, this time at greater length, with the assistance of [the forensic interviewer's] expert questioning, and not subject to cross-examination, of course." *Id*. at 581-582.

In this case, the forensic interview—which was 90 minutes long—as well as the other hearsay weighed heavily in favor of a finding of guilt. Given that a substantial portion of the prosecution's proofs constituted hearsay pertaining to the ultimate issue, I would conclude that defendant has demonstrated a reasonable probability that, but for counsel's error, the result of the

proceedings would have been different.  See *Smith v Spisak*, 558 US 139, 149; 130 S Ct 676; 175 L Ed 2d 595 (2010); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).


/s/ Douglas B. Shapiro